IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENT PAINTER,<br><br>        Plaintiff,<br><br>v.<br><br>CONTINENTAL AIRLINES,<br><br>        Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:08-cv-896-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

      This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Continental Airlines's ("Continental") motion for sanctions for Kent Painter's ("Painter") failure to appear at a deposition.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

    [1] This case was originally assigned to District Judge Clark Waddoups, *see* docket nos. 1-2, who entered the original order of reference. *See* docket no. 16. On March 28, 2012, the case was reassigned to District Judge David Nuffer, who affirmed the order of reference. *See* docket no. 30.

    [2] *See* docket no. 33.

## RELEVANT BACKGROUND

In November 2008, Painter commenced this action against Continental.[3] On May 18, 2011, Painter traveled from his residence in Colorado to Salt Lake City, Utah, for his deposition. Painter's departure time from Salt Lake City that day prevented the completion of his deposition by Continental. Painter failed to inform either his counsel or Continental of his departure time until the morning of his deposition.

Subsequently, Continental properly noticed and scheduled the conclusion of Painter's deposition for September 20, 2011. Several days before that date, Painter's counsel informed Continental that Painter was unwilling to travel to Salt Lake City for the completion of his deposition. Painter later informed Continental that he had a medical condition that prevented him from traveling to Salt Lake City before the expiration of the November 18, 2011 fact discovery deadline.[4]

On December 28, 2011, the court extended the fact discovery deadline to February 10, 2012, for the primary purpose of allowing Continental to complete Painter's deposition.[5] Continental then rescheduled the completion of Painter's deposition to occur on January 24, 2012. Several days before that date, Painter's counsel informed Continental that Painter had yet to confirm his attendance at the deposition. Although Painter had previously indicated that he

---

[3] *See* docket nos. 1-2.

[4] *See* docket no. 25.

[5] *See* docket no. 27.

was medically unable to travel to Salt Lake City, he failed to provide current documentation to support any travel restrictions. Painter's counsel eventually informed Continental that the January 24, 2012 deposition would not occur.

On January 27, 2012, Painter's counsel informed Continental that Painter was now willing to travel to Salt Lake City to complete his deposition. Continental scheduled the deposition for February 22, 2012. The court again extended the fact discovery deadline for the primary purpose of allowing Continental to complete Painter's deposition, this time to April 27, 2012.[6]

On February 22, 2012, Continental completed Painter's deposition. During the deposition, Continental inquired about Painter's failure to appear for his deposition on January 24, 2012. In response to a question about why he did not appear that day, Painter indicated that he could not answer the question because he could not remember if he had a valid excuse. Continental also asked Painter whether a medical professional had advised him not to travel for his January 24, 2012 deposition. Painter indicated that while he had seen his physician, he never requested or received travel restrictions. Later in the deposition, Painter indicated that the decision not to appear for his January 24, 2012 deposition and instead appear on February 22, 2012, was his own decision and was not made based on the instructions of any others, such as medical professionals.

---

[6] *See* docket no. 29.

On March 15, 2012, Continental sent Painter a meet-and-confer letter requesting that Painter reimburse Continental for the expenses related to Painter's failure to appear for his January 24, 2012 deposition. The parties were apparently unable to resolve the issue without court action and, consequently, Continental filed the motion before the court.

## ANALYSIS

In relevant part, rule 37(d) of the Federal Rules of Civil Procedure provides that the court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). If the court determines that sanctions are appropriate, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

In its motion, Continental seeks the reasonable expenses, including attorney fees, incurred in connection with Painter's failure to appear for his January 24, 2012 deposition and the filing of its motion for sanctions. In response, Painter argues that (1) his failure to attend that deposition was substantially justified and (2) other circumstances make an award of sanctions unjust. *See id*. The court will address Painter's arguments in turn.

First, Painter asserts that his failure to attend his January 24, 2012 deposition was substantially justified because Painter expressed a willingness to complete that deposition by phone or video conference and because he had a medical condition that precluded him from traveling to Salt Lake City. Both of those arguments fail. While it may be true that Painter was

willing to complete the deposition by phone or video conference, Continental had every right to require Painter to appear in person in Salt Lake City for the deposition.  This is particularly true in light of the fact that it was Painter, as the plaintiff, who chose to initiate this action against Continental in this court.  Further, Painter's assertion that his medical condition prevented him from traveling to Salt Lake City is belied by his own deposition testimony.  Painter testified in his deposition that he unilaterally chose not to travel to Salt Lake City for his January 24, 2012 deposition and that he did not base that decision on the advice or recommendation of a medical professional.  Painter also testified that he never requested or received any travel restrictions from his physician.

     Second, Painter contends that other circumstances make an award of sanctions unjust.  Specifically, Painter argues that although he failed to appear for his January 24, 2012 deposition, that failure was quickly cured by his attendance at his February 22, 2012.  That argument likewise fails.  Painter's eventual willingness to complete his deposition on February 22, 2012, does not excuse his unwillingness to complete his properly noticed deposition on January 24, 2012.  That unwillingness required Continental to expend time and resources to prepare for the January 24, 2012 deposition and to eventually file its motion for sanctions.  Again, Painter is reminded that he is the party who initiated this lawsuit and brought Continental into court.  Continental had every right to expect that Painter would appear in Salt Lake City for a properly noticed deposition.

## CONCLUSION

For these reasons, the court concludes that sanctions against Painter for his failure to appear at his January 24, 2012 deposition are warranted.  The court also concludes that the sanctions awarded are to be paid by Painter personally and not by his counsel.  *See id*. (allowing the court to "require the party failing to act, the attorney advising that party, or both" to pay sanctions under rule 37).  Accordingly, Continental's motion for sanctions[7] is **GRANTED**.

On or before September 7, 2012, Continental shall submit to the court a cost memorandum and supporting affidavit setting forth the reasonable expenses, including attorney fees, incurred in connection with Painter's failure to appear at his January 24, 2012 deposition and the filing of its motion for sanctions.  Painter may respond to that cost memorandum and supporting affidavit on or before September 21, 2012.  After receipt of those submissions, the court will determine an appropriate dollar amount and enter the order of sanctions against Painter.

**IT IS SO ORDERED**.

DATED this 23rd day of August, 2012.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket no. 33.